IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RICARDO REYNSO REBOLLAR,

    Petitioner,                                                                           OPINION and ORDER

    v.                                                                                 24-cv-483-wmc

WARDEN EMMERICH,

    Respondent.

_____

While confined at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), petitioner Ricardo Reynso Rebollar filed a federal habeas corpus petition under 28 U.S.C. § 2241, seeking immediate release to a halfway house or home confinement. (Dkt. #1.) Petitioner has also filed two motions seeking expedited review. (Dkt. #2, #4.) The petition and the pending motions will be denied and this case will be dismissed as moot for reasons explained briefly below.

OPINION

On May 2, 2016, petitioner was convicted in the United States District Court for the Western District of North Carolina on charges of conspiracy to possess with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He received a sentence of 168 months' imprisonment in that case, which was summarily affirmed on appeal. *See United States v. Rebollar*, 665 F. App'x 225 (4th Cir. Nov. 29, 2016).

1

In a federal habeas petition dated July 11, 2024, petitioner contends that the Federal Bureau of Prisons ("BOP") incorrectly calculated time credits that he earned under the First Step Act. (Dkt. #1, at 3.) By petitioner's calculation, he should be eligible for release to a halfway house no later than October 5, 2024. (Dkt. #2, at 2.) Fearing that his release would be delayed, petitioner seeks an order directing the BOP to release him from prison immediately and transfer him to a halfway house or to home confinement. (Dkt. #1, at 5.)

The record reflects that petitioner has submitted a change of address, advising the court that he was scheduled for release from FCI-Oxford on October 5, 2024. (Dkt. #5.) Public records confirm that, as of October 4, 2024, petitioner is no longer in BOP custody. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov (last visited Oct. 18, 2024). "[A] federal court at any stage of the proceedings must, on its own, dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because petitioner has been released, which is the only relief he sought, the court must deny his petition and dismiss the case as moot.

ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Ricardo Reynso Rebollar (dkt. #1) is DENIED and this case is DISMISSED without prejudice as moot.

2) Petitioner's pending motions for expedited review (dkt. #2, #4) are also DENIED as moot.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 21st day of October, 2024.

                    BY THE COURT:

                    /s/

                    _____
                    WILLIAM M. CONLEY
                    District Judge